The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON (SEATTLE)

| | |
|---|---|
| JAY BURDETTE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TECH MAHINDRA (AMERICAS), INC.,<br><br>　　　　　　Defendant. | Case No.: 2:16-CV-01151-JLR<br><br>**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**<br><br>**NOTE ON MOTION CALENDAR:** July 21, 2017 |

## I.　RELIEF REQUESTED

Plaintiff Jay Burdette ("Burdette") seeks an order compelling Defendant Tech Mahindra (Americas), Inc. ("Tech Mahindra") to answer certain of Plaintiff's Interrogatories and to provide documents sought through Plaintiff's Requests for Production.

## II.　FACTUAL BACKGROUND RELEVANT TO THIS MOTION

Plaintiff filed his lawsuit for racial and national origin discrimination and wrongful termination in January 2016. Plaintiff's claims in this case are based both on the Washington Law Against Discrimination set forth in RCW 49.60 and Title VII of the Civil rights Act of 1964, as amended.

On February 12, 2016, Plaintiff served his first set of Interrogatories and Requests for Production to Defendant. *Skidmore Decl.* ¶ 2.

On November 22, 2016, in response to Plaintiff's first set of Requests for Production, Defendant provided a number of documents, but failed to identify which documents were responsive to which requests. *Skidmore Decl.* ¶ 3, Ex. A which is a copy of Defendant's Objections and Responses to Plaintiff's first set of discovery.

On June 2, 2017, Defendant provided additional documents, but failed to identify which documents were responsive to which requests. *Skidmore Decl.* ¶ 5, Ex. B which is a copy of Defendant's Objections and Supplemental Responses to Plaintiff's first set of discovery.

On May 12, 2017, Plaintiff served his second set of discovery requests on Defendant. *Skidmore Decl.* ¶ 8.

On June 12, 2017, Defendant responded to Plaintiff's second set of discovery requests. *Skidmore Decl.* ¶ 9, Ex. C which is a copy of the Plaintiff's Second Discovery to Defendant with Defendant's Answers and Responses. Defendant stated multiple improper objections to Plaintiff's second set of interrogatories and requests for production.

On June 21, 2017, the parties' counsels conferred regarding Defendant's discovery deficiencies. *Pauley Decl.* ¶ 2. After the Rule 26 conference, the parties further communicated regarding discovery deficiencies. However, to date, Defendant has not remedied many of its deficient responses. *Id.*, ¶ 3. Accordingly, Plaintiff brings this motion to compel because of Defendant's failure to provide those requested answers and responses to Plaintiff's discovery requests.

PLAINTIFF'S MOTION TO COMPEL
DEFENDANT'S RESPONSES TO PLAINTIFF'S
DISCOVERY REQUESTS 2

**Mercer Island Law Group, PLLC**
2448 76th Ave. SE, Suite 100
Mercer Island, WA 98040

### III. EVIDENCE RELIED UPON

Plaintiff's motion to compel is based on the Declarations of Gregory Skidmore and Timothy Pauley, the attached exhibits, and the entire docket herein.

### IV. ISSUES PRESENTED

1. Whether an order compelling discovery should be issued?

### V. LEGAL ARGUMENT

#### A. Standard for Motion to Compel

Information is discoverable under revised Rule 26(b)(1) if it is relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). If a requested disclosure or response is not made, the requesting party may move for an order compelling such disclosure. Fed. R. Civ. P. 37(a)(3). FRCP 37(a) authorizes this Court to require Tech Mahindra to produce information or materials discoverable under Rule 26(b)(1).

#### B. Deficient Responses

**Interrogatory No. 13.** Interrogatory No. 13 requests that Defendant identify all employment-related court and/or federal or state actions or claims Defendant has been involved in as a party in the past 10 years. Defendant objected to this Interrogatory on numerous grounds.

Discovery of past legal actions and administrative claims for discrimination and retaliation against the Defendant are clearly discoverable since such information is admissible at trial. *Burnside v. Simpson Paper Co.*, 66 Wn. App. 510, 832 P.2d 537 (1992). Furthermore, "[e]vidence of prior acts of discrimination [are] relevant to an employer's motive in discharging a plaintiff." *Heyne v. Caruso*, 69 F. 3d 1475, 1480-81 (9th Cir. 1995); *Hazelwood School District v. United States*, 433 U.S. 299, 309-10 n. 15 (1977) (pre-Title VII discrimination relevant to

PLAINTIFF'S MOTION TO COMPEL
DEFENDANT'S RESPONSES TO PLAINTIFF'S
DISCOVERY REQUESTS 3

MERCER ISLAND LAW GROUP, PLLC
2448 76th Ave. SE, Suite 100
Mercer Island, WA 98040

support inference that discrimination continued, particularly where relevant aspects of decision making remained the same); *International Bhd of Teamsters v. United States*, 431 U.S. 324, 358 n. 44, 97 S.Ct. 1843, 1866 n. 44, 52 L.Ed.2d 396 (1977); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05, 93 S.Ct. 1817, 1825-26, 36 L.Ed.2d 668 (1973)); *Hazelwood School Dist. v. United States*, 433 U.S. 299, 309-10 n.15, 307-08, 97 S. Ct. 2736, 2741 (1977).

Under clear state and federal law, plaintiff is entitled to discover information of other actions and claims of discrimination in order to establish that a pattern of discrimination exists. Accordingly, Plaintiff is entitled to the information company-wide for the past ten (10) years.

**Request for Production No. 22.**  Request for Production No. 22 requests that Defendant produce all documents substantiating Defendant's allegation that Plaintiff's employment was terminated to save on costs.  Defendant objected to this request stating that Defendant would produce all "non-privileged documents."  Despite this objection, Defendant has not identified which documents have been withheld and has not provided a privilege log.

Under FRCP 26(b)(5), a party objecting on the grounds of privilege must produce a privilege log which describes "the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(ii).  In the Ninth Circuit, "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

While privilege is not automatically deemed waived if no log is produced within 30 days of the serving of a discovery request, the 30-day time frame is a "default guideline" which district courts use to determine if privilege has been waived. Id. District courts generally take into account the following factors: (1) "the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient)," (2) the "timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient)," (3) "the magnitude of the document production," and (4) ". . . other particular circumstances of the litigation that make responding to discovery unusually easy . . . or unusually hard." *Id.*

Here, Defendant has also purported to produce "all non-privileged documents" for Request for Production No. 22, which is an implicit invoking of privilege. No privilege log entries have been produced which correspond to this objection. Defendant's boilerplate objections are presumptively insufficient to protect privilege, and Defendant has made no claims as to mitigating circumstances. Moreover, the magnitude of document production is not unwieldy and there are no particular circumstances which would make discovery in this case unusually difficult. Defendant has given no good reason for its failure to produce a privilege log, and should be deemed to have waived any and all privileges applying to any document responsive to Plaintiff's document requests.

PLAINTIFF'S MOTION TO COMPEL
DEFENDANT'S RESPONSES TO PLAINTIFF'S
DISCOVERY REQUESTS 5

MERCER ISLAND LAW GROUP, PLLC
2448 76th Ave. SE, Suite 100
Mercer Island, WA 98040

**Interrogatory No. 16.** Interrogatory No. 16 requests Defendant to identify every employee who was put "on the bench" from January 1, 2015 until December 31, 2015 and indicate whether each employee secured comparable employment with Defendant while "on the bench." Defendant objected to this interrogatory on the ground that it is vague in its use of the term "on the bench" and claims to not know what "on the bench" means, yet this is a common word with a plain meaning, within a general business context and specifically in the Defendant's operations, referring to the time when an employee is in-between projects.

Defendant further objected to this interrogatory on the grounds that this request is unduly burdensome in that it would require Tech Mahindra to individually research all employees removed from any project in 2015, determine if they secured employment on a new project with Tech Mahindra, and assess whether their new role was "comparable" to their prior role. During the discovery conference on June 21, 2017, Plaintiff offered to limit this request to the employees who held positions similar to that of Plaintiff. Plaintiff also offered to limit the geographic scope to the United States.

As for Plaintiff's request to indicate whether each employee secured comparable employment with Defendant while "on the bench," Plaintiff offered to not require Defendant to make the determination regarding whether the job is comparable, but rather merely state what position every such employee secured, if any, with Defendant.

**Request for Production No. 23.** Request for Production No. 23 requests Defendant to produce all documents that relate to Defendant's answer to Interrogatory No. 16 above. Despite the fact that Plaintiff agreed to narrow the scope of this request, Defendant has not provided any

PLAINTIFF'S MOTION TO COMPEL
DEFENDANT'S RESPONSES TO PLAINTIFF'S
DISCOVERY REQUESTS 6

MERCER ISLAND LAW GROUP, PLLC
2448 76th Ave. SE, Suite 100
Mercer Island, WA 98040

documents relevant to the identities of the employees who held the same title as Plaintiff, in the United States, and who were put "on the bench" from January 1, 2015 until December 31, 2015.

**Request for Production No. 25.** Request for Production No. 25 requests Defendant to produce the contracts between Tech Mahindra and AT&T for its Barracuda projects where Plaintiff was employed and all drafts, work orders, or addendums thereto that were in effect during Plaintiff's employment with Defendant. Defendant objected to this request on the grounds that this request seeks documents outside the scope of discovery as set forth in FRCP 26(b).

FRCP 26(b)(1) states that a request for discovery should be considered relevant if there is any possibility that information sought may be relevant to the subject matter of action, and discovery should ordinarily be allowed unless it is clear tha thet information sought can have no possible bearing upon a subject matter of the action. Contracts between Tech Mahindra and AT&T for its Barracuda projects are relevant to this matter because Plaintiff's termination may be directly linked to these contracts and any revisions/renegotiations of the agreement between Defendant and AT&T regarding the services that AT&T would need from Defendant including the financial agreement regarding same. Relevance "is construed very broadly, encompassing 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The documents requested here are relevant to Plaintiff's claims and Defendant's defenses. As such, they should be produced. *See Weber v. Biddle*, 72 Wn.2d 22 (1967).

**Request for Production No. 26.** Request for Production No. 26 requests that Defendant produce all correspondence between Defendant and Derrick Keller and/ or Jay Collins related to Plaintiff or the work he performed prior to his termination. This request is limited to the time period from July 1, 2015 through December 31, 2015. Defendant objected to this request on the grounds that it is unduly burdensome and because it seeks documents that are not relevant to any party's claim or defense.

FRCP 26(b)(1) states that request for discovery should be considered relevant if there is any possibility that information sought may be relevant to subject matter of action and discovery should ordinarily be allowed unless it is clear that information sought can have no possible bearing upon a subject matter of action. The requested information is relevant to this matter because the requested correspondence is directly related to Plaintiff's claim that Defendant's decision to terminate Plaintiff's employment was discriminatory and that Defendant's decision to terminate Plaintiff was not made for purposes of saving costs. Relevance "is construed very broadly, encompassing 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" FRCP 26(b)(1) and *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The documents requested are relevant to Plaintiff's claims and Defendant's defenses. As such, documents responsive to this request should be produced. *See Weber v. Biddle*, 72 Wn.2d 22 (1967).

**Request for Production No. 27.** Request for Production No. 27 requests that Defendant produce all documents submitted to or received from the Office of Federal Contract Compliance Programs (OFCCP) regarding affirmative action or equal employment opportunity compliance or

PLAINTIFF'S MOTION TO COMPEL  
DEFENDANT'S RESPONSES TO PLAINTIFF'S  
DISCOVERY REQUESTS 8

**Mercer Island Law Group, PLLC**  
2448 76th Ave. SE, Suite 100  
Mercer Island, WA 98040

non-compliance by Defendant and any compliance evaluations or investigations conducted by OFCCP or any other documents manifesting the statistical analysis of the race or national origin of Defendant's employees during the past five years. Defendant objected to this request on the grounds that it is vague and not relevant to any claim or defense.

FRCP 26(b)(1) states that request for discovery should be considered relevant if there is any possibility that information sought may be relevant to subject matter of action and discovery should ordinarily be allowed unless it is clear that information sought can have no possible bearing upon a subject matter of action. Documents requested in this request are relevant to this matter because they routinely contain statistical data regarding protected classes and may very well demonstrate Defendant's pattern of discriminatory practices which clearly would be relevant to Plaintiff's claims of race discrimination. Furthermore, relevance "is construed very broadly, encompassing 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." FRCP 26(b)(1) and *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Here, the documents requested are relevant to Plaintiff's claims and Defendant's defenses. Plaintiff alleges that Defendant engaged in the practice of race discrimination in violation of Title VII of the Civil Rights Act. Statistical analysis of a workforce to infer intent from evidence of a widespread practice is a method of proof that even pre-dates the enactment of Title VII:

> 'In the problem of racial discrimination, statistics often tell much, and Courts listen.' . . . Our wide experience with cases involving racial discrimination in education, employment, and other segments of society have (sic) led us to rely heavily in Title VII cases on the empirical data which show an employer's overall

PLAINTIFF'S MOTION TO COMPEL
DEFENDANT'S RESPONSES TO PLAINTIFF'S
DISCOVERY REQUESTS 9

MERCER ISLAND LAW GROUP, PLLC
2448 76th Ave. SE, Suite 100
Mercer Island, WA 98040

pattern of conduct in determining whether he has discriminated against particular individuals or a class as a whole.

*Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 305 (5th Cir. 1973) (citations omitted). *See also Teamsters v. U.S.*, 431 U.S. 324, 358 (1977); *Hazelwood School Dist. v. U.S.*, 433 U.S. 299, 307-308 (1977).

Companywide statistical proof is every bit as relevant today as it was in 1962. *See Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168 (9th Cir. 2007). It is an abuse of discretion to deny basic statistical discovery to Plaintiff seeking to prove a pattern or practice of discrimination. *See, e.g. Duke v U. Tex. at El Paso*, 729 F.2d 994 (5th Cir.), cert. denied, 469 U.S. 982 (1984). It is the overall pattern of discrimination, not its manifestations with regard to individual employees that is the essence of a claim of a pattern or practice of discrimination. *Thiessen v GE Capital*, 267 F.3d 1095 (10th Cir. 2001). Accordingly, documents responsive to this request should be produced. *See Weber v. Biddle*, 72 Wn.2d 22 (1967).

**C. <u>Failure to Correspond Production to Requests</u>**

In response to Request for Production Nos. 1 through 27, Defendant produced numerous documents without identifying which requests they are responsive to. Such lump production is improper. *See T.N. Taube Corp. v. Marine Midland Mortgage Corp.*, 136 F.R.D. 449, 452 (W.D.N.C. 1991).

Defendant's failure to correspond production to Plaintiff's requests does not allow Plaintiff to determine the extent to which Defendant has complied with each discovery request. FRCP 34 requires that a party "must produce documents as they are kept in the usual course of

PLAINTIFF'S MOTION TO COMPEL
DEFENDANT'S RESPONSES TO PLAINTIFF'S
DISCOVERY REQUESTS 10

**MERCER ISLAND LAW GROUP, PLLC**
2448 76th Ave. SE, Suite 100
Mercer Island, WA 98040

business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i).

Here, Defendant has yet to indicate in any way which documents are supposedly responsive to which requests. Furthermore, if the served party chooses to respond to an interrogatory by producing business records, the served party must specify, in detail, the records from which the answer may be derived or ascertained and afford the party serving the interrogatory reasonable opportunity to examine, audit, or inspect the record. See Fed. R. Civ. P. 33(d); *Mancini*, 2009 U.S. Dist. LEXIS 51321.

Although the production of records may be done by producing a party's "business records," the description of the records produced must be sufficiently detailed to enable the propounding party to locate them. Defendant's responses to Plaintiff's Requests for Production are insufficient for two reasons. First, they do not direct Plaintiff to any "business records." Second, even assuming these documents are business records, these responses lack the required specificity. Defendant should at the very least provide the titles of the documents or Bates numbers of the documents responsive to Plaintiff's requests.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Compel Defendant's Responses to Plaintiff's Discovery Requests.

*Dated this 30h day of June 2017.*

PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS 11

MERCER ISLAND LAW GROUP, PLLC
2448 76th Ave. SE, Suite 100
Mercer Island, WA 98040

                                      Mercer Island Law Group, PLLC

                By:    */s/ Timothy Pauley*

                                Timothy J. Pauley, WSBA No. 18583
                                George O. Tamblyn, WSBA No. 15429
                                Gregory M. Skidmore, WSBA No. 47462

# CERTIFICATE OF SERVICE

I, Johanna Sappenfield, certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document listed below, in the manner noted on the following entity:

1) Motion to Compel
2) Declaration of Gregory M. Skidmore
3) Declaration of Timothy J. Pauley
4) Proposed Order

| | |
|---|---|
| David N. Bruce<br>dbruce@sbwllp.com<br>Sarah Gohmann Bigelow<br>sgohmannbigelow@sbwllp.com<br>Miles A. Yanick<br>myanick@sbwllp.com<br><br>Savitt, Bruce & Willey LLP<br>1425 Fourth Avenue, Suite 800<br>Seattle, WA 98101 | ☐ Hand Delivery<br>☒ U.S. Mail<br>☐ Facsimile<br>☒ E-mail<br>☐ E-service |

DATED this 30th day of June 2017

       */s/ Johanna Sappenfield*
       Johanna Sappenfield