1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON (SEATTLE)

8

JAY BURDETTE,

9                          Plaintiff,

**Case No.** 2:16-cv-01151

10         v.

**DECLARATION OF
GREGOPRY M. SKIDMORE**

11

12   TECH MAHINDRA (Americas), Inc.,
                       Defendants.

13

14        I, GREGORY M. SKIDMORE, declare as follows:

15   1.   I am counsel for Plaintiff Jay Burdette and I am competent to testify and make this

16        declaration regarding the following facts.

17   2.   On February 12, 2016, Plaintiff served his first set of Interrogatories and Requests for

18        Production to Defendant.

19
20   3.   On November 22, 2016, Defendant responded to Plaintiff's first set of interrogatories

21        and requests for production to Defendant Tech Mahindra (Americas), Inc.

22   4.   Attached as **Exhibit A** is a true and correct copy of Defendant's Objections and

23        Responses to Plaintiff's first set of interrogatories and requests for production to

24        Defendant Tech Mahindra (Americas), Inc.

25
26

DECLARATION OF GREGORY M. SKIDMORE - 1

5. On June 2, 2017, Defendant provided its supplemental responses to first set of interrogatories and requests for production to Defendant Tech Mahindra (Americas), Inc.

6. Attached as **Exhibit B** is a true and correct copy of Defendant's Objections and Supplemental Responses to Plaintiff's first set of interrogatories and requests for production to Defendant Tech Mahindra (Americas), Inc.

7. In response to Plaintiff's first set of Requests for Production, Defendant provided a number of documents, but failed to identify which document was responsive to which request.

8. On May 12, 2017, Plaintiff submitted his second set of discovery requests to Defendant.

9. On June 12, 2017, Defendant responded to Plaintiff's second set of discovery requests.

10. Attached as **Exhibit C** is a true and correct copy of Defendant's Objections and responses to Plaintiff's second set of interrogatories and requests for production to Defendant Tech Mahindra (Americas), Inc.

*I declare under penalty of perjury under the laws of the United States that the following is true and correct.  Executed this 30th day of June at Mercer Island, WA.*

*/s/ Gregory M. Skidmore*
Gregory M. Skidmore, WSBA No. 47462

DECLARATION OF GREGORY M. SKIDMORE - 2

# Exhibit A

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JAY BURDETTE,

    Plaintiff,

    v.

TECH MAHINDRA (AMERICAS) INC.,

    Defendant.

NO.    2:16-cv-01151-JLR

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

## I.    GENERAL OBJECTIONS

This general response and these general objections are incorporated into each response below as if repeated and stated separately in each response.  The assertion of the same, similar or additional objections or partial responses to any of Plaintiff's interrogatories or document requests is not intended to waive any of these general objections to Plaintiff's First Set of Interrogatories and Requests for Production, including the definitions and instructions herein (the "Requests").

1.    Defendant Tech Mahindra (Americas), Inc. ("Tech Mahindra") objects to discovery of information and documents subject to a claim of privilege or otherwise immune from discovery, including without limitation information and documents protected by the attorney-client privilege or the work product doctrine.

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 1
No. 2:16-cv-01151-JLR

2.      Tech Mahindra objects to the Requests to the extent that they are unduly burdensome or impose undue expense on Tech Mahindra.  Tech Mahindra has provided responses that are reasonable in light of the burden and expense of responding to the Requests.

3.      Tech Mahindra objects to the Requests to the extent that they purport to require Tech Mahindra to review an excessive number of documents in its files.  Tech Mahindra will use reasonable diligence to obtain and provide responsive, properly discoverable information by examining those sources reasonably expected to yield such information.

4.      Tech Mahindra objects to discovery of confidential and proprietary information in the absence of an appropriate protective order concerning such information.  Prior to the entry of such an order, production of documents and information are made only pursuant to Plaintiff's express agreement that such documents and information will be disclosed only to Plaintiff and his counsel.

5.      Tech Mahindra objects to the Requests to the extent that they seek information that is unreasonably cumulative and duplicative, or that can be obtained from other sources that are more convenient, less burdensome, and less expensive.  Tech Mahindra objects to the Requests to the extent that they seek facts, documents or information already known to or equally available to Plaintiff.

6.      Tech Mahindra objects to the Requests to the extent that they purport to include within their scope documents or information not within the possession, custody or control of Tech Mahindra, or in the possession of unidentified agents, persons, or entities acting on Tech Mahindra's behalf.

7.      Tech Mahindra objects to the Requests to the extent they seek to impose obligations on Tech Mahindra that are greater than or inconsistent with the obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules, and applicable case law.

8.      Tech Mahindra has not completed its investigation of the facts relating to this action, nor has it completed discovery in preparation for trial.  These responses are based on, and are therefore necessarily limited by, the records and information still in existence, presently

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 2
No. 2:16-cv-01151-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

recollected and thus far discovered and made available to defense counsel.  Tech Mahindra reserves the right to rely on any facts, documents or other evidence that it may discovery or that may become available or come to its attention subsequent hereto.  Tech Mahindra reserves the right to assert additional objections and to amend or supplement its responses to the Requests should Tech Mahindra discover additional grounds for objection or bases for response.

## II.   SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1:**      Identify everyone who participated in answering or supplied information used in answering these discovery requests.

**ANSWER:**  The following individuals supplied information used in answering these discovery requests:  Amit Suryawanshi; Ravi Yelisetty; John Fellows; Amarnath Suru.

**INTERROGATORY NO. 2:**      Please identify:

a)      Defendant's address and phone number of the location where Plaintiff was employed;

b)      All locations at which Defendant does business in Washington State.

**ANSWER:**  With respect to subpart a), Mr. Burdette worked at times remotely and at times onsite with a client located at 20205 North Creek Parkway, Bothell, Washington 98011.

With respect to subpart b), Tech Mahindra objects that this interrogatory requests information not relevant to any claim or defense in this action.  Tech Mahindra further objects that the phrase "does business in Washington State" is vague and ambiguous to the extent that it calls for information beyond physical office locations of Tech Mahindra within this state.  Subject to and without waiving the foregoing, Tech Mahindra states that it has physical locations at the following addresses in Washington State:

2001 6th Avenue, Suite 300
Seattle, WA 98121

6801 185th Avenue NE, Suite 100
Redmond, WA 98052

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 3
No. 2:16-cv-01151-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

15809 Bear Creek Parkway
Redmond, WA 98052

**INTERROGATORY NO. 3:**   Please state name, title, address, and business telephone number of each person you believe has knowledge regarding the facts and circumstances referred to in the Complaint.

**ANSWER:**  Subject to and without waiving its General Objections, Tech Mahindra states that the following individuals may have knowledge regarding some or all of the allegations in Plaintiff's Complaint:

John Fellows, c/o undersigned counsel.

Ravi Yelisetty, contact information a matter of record.

Amit Suryawanshi, c/o undersigned counsel.

Dan Farr, c/o undersigned counsel.

Amarnath Suru, c/o undersigned counsel.

Jack Schuler, undersigned counsel.

Jay Burdette, c/o Plaintiff's counsel.

**INTERROGATORY NO. 4:**  Please state Plaintiff's dates of employment with the Defendant.

**ANSWER:**  Mr. Burdette was employed by Tech Mahindra from on or about April 25, 2014 through on or about July 31, 2015.

**REQUEST FOR PRODUCTION NO. 1:**  Please produce copies of any documents that relate to your answer to the preceding interrogatory.

**RESPONSE:**  Tech Mahindra objects that this request is overbroad and unduly burdensome to the extent it requests a search for records somehow relating to Plaintiff's employment by Tech Mahindra.  Subject to and without waiving the foregoing and its General Objections, Tech Mahindra has produced records relating to the commencement and termination of Mr. Burdette's employment discovered by a reasonable search.

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 4
No. 2:16-cv-01151-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

**REQUEST FOR PRODUCTION NO. 2:**   Please produce the offer letter from Defendant to Plaintiff, letter of termination of Plaintiff's employment, and any other records and documents that may contain information related to Plaintiff's hire and termination from employment with the Defendant.

**RESPONSE:**   Tech Mahindra objects to this Request to the extent that it calls for production of "other records and documents that may contain information related to Plaintiff's hire and termination from employment" as requiring an overbroad and unduly burdensome search for potentially responsive records.  Tech Mahindra has produced documents and communications relating to the commencement and termination of Mr. Burdette's employment discovered by a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:**   Please produce Plaintiff's entire personnel file.

**RESPONSE:**   Tech Mahindra objects that the term "entire personnel file" is vague and ambiguous.  Without waiving the foregoing or its General Objections, Tech Mahindra has produced documents relating to the commencement, terms, and termination of Mr. Burdette's employment by Tech Mahindra discovered after a reasonable search, including Mr. Burdette's application for employment, Tech Mahindra's offer of employment, agreements executed by Mr. Burdette in connection with his employment by Tech Mahindra, and reviews of Mr. Burdette's performance.

**INTERROGATORY NO. 5:**   Please identify Plaintiff's job title and job duties during his employment with the Defendant.

**ANSWER:**   Mr. Burdette was employed as a System Architect.  A Tech Mahindra business record containing a general description of the role of a System Architect will be produced.  Mr. Burdette's specific responsibilities and duties varied, but primarily involved data archiving processes relating to particular applications for a particular Tech Mahindra customer.

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 5
No. 2:16-cv-01151-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

**REQUEST FOR PRODUCTION NO. 4:**  Please produce copies of any documents that relate to your answer to the preceding interrogatory, including Plaintiff's job description and any documents and records relating to Plaintiff's duties with the Defendant.

**RESPONSE:**  Tech Mahindra incorporates its response to Interrogatory No. 5 above. Tech Mahindra objects that the search for "any documents and records relating to Plaintiff's duties with the Defendant" as overbroad and unduly burdensome, in that it would require search for and production of all records of any and all tasks performed by Mr. Burdette during the course of his employment.  Subject to and without waiving the foregoing, Tech Mahindra will produce a general job description for a System Architect, and has produced records describing tasks performed by Mr. Burdette.

**REQUEST FOR PRODUCTION NO. 5:**  Please produce any and all documentation including without limitation, handbooks, emails, videos, manuals, notebooks, pamphlets and posters, provided to or shown to Plaintiff at the time of hiring or during the course of Plaintiff's employment with Defendant.

**RESPONSE:**  Defendant objects that this request is overbroad, unduly burdensome, and seeks information not relevant to any claim or defense in this action and/or not proportional to the needs of the case.  Subject to and without waiving the foregoing, copies of the Tech Mahindra Associate Handbook have been produced at Bates numbers TM 000021-TM000193.

**REQUEST FOR PRODUCTION NO. 6:**  Please produce any and all documentation signed by Plaintiff at the time of hiring or during the course of Plaintiff's employment with Defendant.

**RESPONSE:**  Defendant objects to the request to the extent that it seeks all documents signed by Plaintiff during the course of his employment, in that the search for such documents would be unduly burdensome, and each document that may have been signed by Plaintiff in the course of his employment does not, without more, bear any relevance to any claim or defense in this action.  Subject to and without waiving the foregoing, Tech Mahindra has produced

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 6
No. 2:16-cv-01151-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1  copies of documents signed by Plaintiff in connection with the commencement of his

2  employment by Tech Mahindra discovered after a reasonable search.

3  **REQUEST FOR PRODUCTION NO. 7:**  Please produce any and all correspondence

4  related to Plaintiff.

5  **RESPONSE:** Defendant objects to this request as vague, ambiguous, overbroad and

6  unduly burdensome.  Mr. Burdette worked for Tech Mahindra for over one year.  Each piece of

7  correspondence related to Mr. Burdette, broadly construed, includes all e-mail communication

8  sent to or from Mr. Burdette and all e-mail communications in which a passing reference is

9  made to Mr. Burdette.  Such correspondence bears no relevance to the claims or defenses in

10 this action, and requiring production of all such correspondence would not be proportional to

11 the needs of the case.  Subject to and without waiving the foregoing, Tech Mahindra has

12 produced correspondence relating to Plaintiff discovered after a reasonable search at Bates

13 numbers TM000195-199, TM000210-211, and TM000212-TM000552.

14 **REQUEST FOR PRODUCTION NO. 8:**  Please produce any and all copies of

15 written or recorded statements made by Plaintiff.

16 **RESPONSE:**  Defendant is unaware of responsive documents.

17 **REQUEST FOR PRODUCTION NO. 9:**  Please produce any documents or tangible

18 communications containing information or evidence regarding Plaintiff that you reasonably

19 anticipate to present at the time of trial in this case.

20 **RESPONSE:**  Tech Mahindra states that it has made no determination regarding the

21 documents or communications regarding Plaintiff that it intends to present at trial, and will

22 provide disclosures of such material as required, to the extent not otherwise produced in

23 response to these Requests, in accordance with applicable pretrial disclosure deadlines.

24 **REQUEST FOR PRODUCTION NO. 10:**  Please produce all employee handbooks,

25 instruction manuals, operation manuals, and any other written policies and procedures of

26 Defendant for the past five years.

27

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 7
No. 2:16-cv-01151-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

**RESPONSE:** Tech Mahindra objects that this request is overbroad and unduly burdensome, in its request for manuals and materials covering a period far broader than the total duration of Plaintiff's employment.  Tech Mahindra further objects that the request for "instruction manuals, operation manuals, and any other written policies and procedures" is overbroad and unduly burdensome, is not proportional to the needs of the case, and seeks information not relevant to any claim or defense in this action.  Subject to and without waiving the foregoing and its General Objections, Tech Mahindra has produced four versions of its Associate Handbook at Bates numbers Bates numbers TM 000021-TM000193.

**INTERROGATORY NO. 6:**  Please list the name(s), phone number(s), and address(s) of individual who evaluated Plaintiff's performance during Plaintiff's employment with the Defendant and state whether they are still employed by the Defendant at the present time.

**ANSWER:**  John Fellows, c/o undersigned counsel, and Ravi Yelisetty, whose contact information is known to Plaintiff.  Mr. Fellows is employed by Tech Mahindra.

**INTERROGATORY NO. 7:**  Please identify the person who made the decision to terminate Plaintiff's employment.

**ANSWER:**  The decision that Plaintiff's services were no longer needed on the project to which he was assigned was made by Ravi Yelisetty.  The decision to terminate Mr. Burdette's employment was made by Tech Mahindra's human resources department, consistent with Mr. Burdette's employment agreement.

**REQUEST FOR PRODUCTION NO. 11:** Please produce any documents or tangible communications related to Mr. Burdette's performance throughout his employment with Defendant.

**RESPONSE:** Tech Mahindra objects that the term "tangible communications" is vague and ambiguous.  Tech Mahindra further objects that the phrase "related to Mr. Burdette's performance" renders this request overbroad and unduly burdensome, in that it encompasses all documents relating to any act taken by Mr. Burdette during the course of the term of his employment.  Subject to and without waiving the foregoing and its general objections, Tech

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 8
No. 2:16-cv-01151-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

Mahindra has produced documents relating to reviews of Mr. Burdette's employment performance discovered after a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:** Please produce any documents or tangible communications related to the evaluation(s) of Plaintiff's performance.

**RESPONSE:** Tech Mahindra incorporates its objection and response to Request for Production 11 above.

**REQUEST FOR PRODUCTION NO. 13:** Please provide all forms and checklists used by Defendant, and/or made available to managers and/or supervisors, regarding the procedures to follow when dealing with employee performance issues for 2015 and preceding four years.

**RESPONSE:** Tech Mahindra objects that this request is overbroad and unduly burdensome in its request for "forms and checklists" used and/or "made available" for "dealing with employee performance issues" across a five year period.  Tech Mahindra further objects that this request seeks documents not relevant to any claim or defense in this action.

**INTERROGATORY NO. 8:** Please identify Defendant's employees who currently perform duties that were performed during his employment with the Defendant. Please specify those employees' national origin, race, and ages.

**ANSWER:**  Tech Mahindra objects to the request for information relating to the age of its employees as not relevant to any claim or defense in this action.  Subject to and without waiving the foregoing and its General Objections, Tech Mahindra states that no current Tech Mahindra employee performs all the duties previously performed by Mr. Burdette.  Some of those duties are performed, in part, by Amarnath Suru, a Tech Mahindra employee.  Tech Mahindra will produce documents sufficient to show demographic information for Mr. Suru subject to an anticipated protective order.

**INTERROGATORY NO. 9:** Please identify employees who were Plaintiff's comparators during Plaintiff's employment with the Defendant. For purposes of this

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 9
No. 2:16-cv-01151-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1   interrogatory, the term "comparators" is intended to be interpreted broadly and in line with the

2   guidance provided in *Lauer v. Longevity Medical Clinic PLLC*, 2014 WL 5471983.

3        **ANSWER:**   Tech Mahindra objects that this request is vague, ambiguous, and unduly

4   burdensome in its request for Tech Mahindra to identify "comparator" employees based upon

5   case law.  Subject to and without waiving the foregoing, Tech Mahindra is willing to meet and

6   confer regarding the identity of appropriate "comparator" employees.

7        **REQUEST FOR PRODUCTION NO. 14:**   Please   produce   personnel   files   of

8   Plaintiff's comparators. For purposes of this request of production, the term "comparators" is

9   intended to be interpreted broadly and in line with the guidance provided in *Lauer v. Longevity*

10  *Medical Clinic PLLC*, 2014 WL 5471983.

11       **RESPONSE:**   Tech Mahindra objects that this request is vague, ambiguous, and unduly

12  burdensome in its request for Tech Mahindra to identify "comparator" employees based upon

13  case law and to produce their personnel files.

14       **INTERROGATORY NO. 10:**   Please   identify   all   employees   in   the   State   of

15  Washington who currently perform any of the following duties: (i) process and procedure

16  documentation; (ii) weekly program operations governance; (iii) vendor coordination; (iv)

17  vendor coordination; (iv) management of trouble tickets; (v) AOTS remedy ticket management;

18  (vi) business stakeholder communications; and (vii) daily run log and run book management.

19  Please identify national origin, race and ages of the employees who currently perform these

20  duties.

21       **ANSWER:**   Tech Mahindra objects that this request is unduly burdensome in its

22  request that Tech Mahindra attempt to identify each employee who may perform some portion

23  of the duties listed in this Interrogatory, which are themselves vague and ambiguous.  Tech

24  Mahindra further objects that the identity of employees who may perform such functions is not

25  relevant to the claims and defenses in this action.

26

27

**SAVITT BRUCE & WILLEY** LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1    **REQUEST FOR PRODUCTION NO. 15:**   Please          produce          Defendant's

2    organizational chart.

3    **RESPONSE:**   After reasonable inquiry, no documents responsive to this request are

4    within Tech Mahindra's possession, custody or control.

5    **REQUEST FOR PRODUCTION NO. 16:** Please produce Defendant's tax returns for

6    2015 and four preceding years.

7    **RESPONSE:**   Tech Mahindra objects that this request seeks information not relevant to

8    the claims and defenses in this action.   Tech Mahindra further objects that public policy

9    prohibits disclosure of its tax returns in the absence of compelling need, which is absent here.

10   **REQUEST FOR PRODUCTION NO. 17:** Please produce all monthly financial profit

11   and loss statements from January 1, 2014 to the present.

12   **RESPONSE:**   Tech Mahindra objects that this request seeks information not relevant to

13   the claims and defenses in this action.

14   **REQUEST FOR PRODUCTION NO. 18:** Please produce any and all documents

15   related to all expert witnesses who you will call to testify or part of the opinion of an expert

16   who is to be called as an expert.

17   **RESPONSE:**   Tech Mahindra objects that this request is overbroad and unduly

18   burdensome in its request for production of "any and all" all documents which might relate to a

19   particular witness or that witness's opinion.   Tech Mahindra further objects to this request to

20   the extent it seeks production of documents protected from disclosure by Federal Rule of Civil

21   Procedure 26 or the work product doctrine.   Subject to and without waiving the foregoing and

22   its General Objections, Tech Mahindra has not identified any expert witness with respect to this

23   matter, and thus has no substantive response at this time.   This response will be supplemented,

24   if necessary, at the appropriate time subject to disclosure deadlines set by the Court.

25   **REQUEST FOR PRODUCTION NO. 19:** Please       produce      all      documents      which

26   describe, depict, or relate to the qualifications and expertise of each expert who you reasonably

27

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 11
No. 2:16-cv-01151-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

anticipate will testify at the time of trial including the expert's resume or curriculum vitae, and any listings of articles, books, manuscripts, or other such publications authored by that expert.

**RESPONSE:** Tech Mahindra objects that this request is overbroad and unduly burdensome in its request for production of all documents which "describe, depict, or relate to" the subject matter of the request, rather than seeking documents sufficient to show the same. Tech Mahindra further objects to this request to the extent it seeks production of documents not within Tech Mahindra's possession, custody or control. Subject to and without waiving the foregoing and its General Objections, Tech Mahindra has not identified any expert witness with respect to this matter, and thus has no substantive response at this time. This response will be supplemented, if necessary, at the appropriate time subject to disclosure deadlines set by the Court.

**REQUEST FOR PRODUCTION NO. 20:** Please produce all documents or reports prepared by any of Defendant's experts for trial, any notes or memoranda reflecting or describing the expert's findings, opinions and conclusions, and any charts, graphs, computer programs, or statistical summaries which the expert intends to utilize or rely upon at the time of trial.

**RESPONSE:** Tech Mahindra objects to this request to the extent it seeks documents or communications protected from disclosure by Federal Rule of Civil Procedure 26 and by the work product doctrine. Tech Mahindra further objects to this request to the extent it seeks production of documents not within Tech Mahindra's possession, custody or control. Subject to and without waiving the foregoing and its General Objections, Tech Mahindra has not identified any expert witness with respect to this matter, and thus has no substantive response at this time. This response will be supplemented, if necessary, at the appropriate time subject to disclosure deadlines set by the Court.

**INTERROGATORY NO. 11:** Please identify all witnesses you believe have knowledge regarding Plaintiff's employment with Defendant.

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 12
No. 2:16-cv-01151-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

**ANSWER:**  Tech Mahindra incorporates its objections and response to Interrogatory No. 3 above.

**INTERROGATORY NO. 12:**      Please identify all experts that you intend to testify at trial.

**ANSWER:**  As of the date of these responses, Tech Mahindra has not formed any intention to call any expert witness at trial.  Tech Mahindra will supplement this interrogatory, if necessary, in accordance with applicable disclosure deadlines provided by the Court.

DATED:  November 21, 2016.

**SAVITT BRUCE & WILLEY LLP**

By     *s/Matthew H. Rice*
          Matthew H. Rice, WSBA #44034
          David N. Bruce, WSBA #15237
          1425 Fourth Avenue Suite 800
          Seattle, Washington  98101-2272
          Telephone: 206.749.0500
          Facsimile:  206.749.0600
          Email:  mrice@sbwLLP.com
          Email:  dbruce@sbwLLP.com

Attorneys for  Tech Mahindra (Americas), Inc.

### Certification

I have read and reviewed the foregoing interrogatories and hereby certify that the answers thereto are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this  **21**  day of November, 2016, at Plano, Texas.

_____
Amit Suryawanshi
Tech Mahindra (Americas) Inc.

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 13
No. 2:16-cv-01151-JLR

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2016 the foregoing document was served via

**Email/PDF** and **U.S. Mail** on the following:

George O. Tamblyn
ADVOCATES LAW GROUP PLLC
2448 76th Avenue SE, Suite 100
Mercer Island, WA 98040
gtamblyn@advocateslg.com

*Attorney for Plaintiff*

DATED on November 22, 2016.

*Gabriella Sanders*

Gabriella Sanders

CERTIFICATE OF SERVICE
No. 2:16-cv-01151-JLR

**Exhibit B**

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JAY BURDETTE,

Plaintiff,

v.

TECH MAHINDRA (AMERICAS) INC.,

Defendant.

NO.2:16-cv-01151-JLR

**DEFENDANT'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

    **INTERROGATORY NO. 3:**    Please state name, title, address, and business telephone number of each person you believe has knowledge regarding the facts and circumstances referred to in the Complaint.

    **ANSWER:**    Subject to and without waiving its General Objections, Tech Mahindra states that the following individuals may have knowledge regarding some or all of the allegations in Plaintiff's Complaint:

    John Fellows, c/o undersigned counsel.

    Ravi Yelisetty, contact information a matter of record.

    Amit Suryawanshi, c/o undersigned counsel.

    Dan Farr, c/o undersigned counsel.

DEFENDANT'S OBJECTIONS AND SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 1
No. 2:16-cv-01151-JLR

1      Amarnath Suru, c/o undersigned counsel.

2      Jack Schuler, undersigned counsel.

3      Jay Burdette, c/o Plaintiff's counsel.

4      **SUPPLEMENTAL ANSWER:**  Tech Mahindra states that the following additional

5 individuals may have knowledge regarding some or all of the allegations in Plaintiff's

6 Complaint:

7      Sachin Khankoje, c/o undersigned counsel.

8      Arvind Dawande, c/o undersigned counsel.

9      Sanjay Singh, c/o undersigned counsel.

10      Namdev Mahadik, c/o undersigned counsel.

11      Sudipta Panda, c/o undersigned counsel.

12      Gail McMullin, formerly of Tech Mahindra.

13      Sunil Dandekar, formerly of Tech Mahindra Limited.

14      Based on its General Objections, Tech Mahindra is not identifying every person who

15 may have been included in any communication regarding, for example, the decision to

16 terminate Mr. Burdette, whom Plaintiff is in as good of a position to identify as Tech Mahindra.

17      **REQUEST FOR PRODUCTION NO. 1:**  Please produce copies of any documents

18 that relate to your answer to the preceding interrogatory.

19      **RESPONSE:**  Tech Mahindra objects that this request is overbroad and unduly

20 burdensome to the extent it requests a search for records somehow relating to Plaintiff's

21 employment by Tech Mahindra.  Subject to and without waiving the foregoing and its General

22 Objections, Tech Mahindra has produced records relating to the commencement and

23 termination of Mr. Burdette's employment discovered by a reasonable search.

24      **SUPPLEMENTAL RESPONSE:**  Subject to and without waiving Tech Mahindra's

25 prior objections, Tech Mahindra will produce additional documents, if any, discovered by a

26 reasonable search that assess whether to commence or terminate Mr. Burdette's employment or

27

support or execute those decisions.  Tech Mahindra will not be producing additional documents that merely reference the fact of the commencement or termination of Mr. Burdette's employment but do not discuss, support, or execute the decisions to commence or terminate Mr. Burdette's employment.  With respect to documents executing the decision to commence Mr. Burdette's employment, Tech Mahindra will be producing documents, if any, discovered by a reasonable search extending the offer of employment to Mr. Burdette, Mr. Burdette's acceptance, and related hiring and orientation documents provided to or received from Mr. Burdette.

**REQUEST FOR PRODUCTION NO. 2:**  Please produce the offer letter from Defendant to Plaintiff, letter of termination of Plaintiff's employment, and any other records and documents that may contain information related to Plaintiff's hire and termination from employment with the Defendant.

**RESPONSE:**  Tech Mahindra objects to this Request to the extent that it calls for production of "other records and documents that may contain information related to Plaintiff's hire and termination from employment" as requiring an overbroad and unduly burdensome search for potentially responsive records.  Tech Mahindra has produced documents and communications relating to the commencement and termination of Mr. Burdette's employment discovered by a reasonable search.

**SUPPLEMENTAL RESPONSE:**  Subject to and without waiving Tech Mahindra's Prior objections, Tech Mahindra will produce additional documents, if any, discovered by a reasonable search that assess whether to commence or terminate Mr. Burdette's employment or support or execute those decisions.  Tech Mahindra will not be producing additional documents that merely reference the fact of the commencement or termination of Mr. Burdette's employment but do not discuss, support, or execute the decisions to commence or terminate Mr. Burdette's employment.  With respect to documents executing the decision to commence Mr. Burdette's employment, Tech Mahindra will be producing documents, if any, discovered

DEFENDANT'S OBJECTIONS AND SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 3
No. 2:16-cv-01151-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

by a reasonable search extending the offer of employment to Mr. Burdette, Mr. Burdette's acceptance, and related hiring and orientation documents provided to or received from Mr. Burdette.

**REQUEST FOR PRODUCTION NO. 4:**  Please produce copies of any documents that relate to your answer to the preceding interrogatory, including Plaintiff's job description and any documents and records relating to Plaintiff's duties with the Defendant.

**RESPONSE:**  Tech Mahindra incorporates its response to Interrogatory No. 5 above. Tech Mahindra objects that the search for "any documents and records relating to Plaintiff's duties with the Defendant" as overbroad and unduly burdensome, in that it would require search for and production of all records of any and all tasks performed by Mr. Burdette during the course of his employment.  Subject to and without waiving the foregoing, Tech Mahindra will produce a general job description for a System Architect, and has produced records describing tasks performed by Mr. Burdette.

**SUPPLEMENTAL RESPONSE:**  Subject to and without waiving Tech Mahindra's prior objections, Tech Mahindra will produce additional documents, if any, discovered by a reasonable search that purport to specifically identify or describe the job duties to be performed by Mr. Burdette or someone in his position with his title.  Tech Mahindra will not be producing documents that merely reflect or happen to reference any task falling within Mr. Burdette's job responsibilities.

**REQUEST FOR PRODUCTION NO. 7:**  Please produce any and all correspondence related to Plaintiff.

**RESPONSE:**  Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome.  Mr. Burdette worked for Tech Mahindra for over one year.  Each piece of correspondence related to Mr. Burdette, broadly construed, includes all e-mail communication sent to or from Mr. Burdette and all e-mail communications in which a passing reference is made to Mr. Burdette.  Such correspondence bears no relevance to the claims or defenses in

**SAVITT BRUCE & WILLEY** LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

this action, and requiring production of all such correspondence would not be proportional to the needs of the case.  Subject to and without waiving the foregoing, Tech Mahindra has produced correspondence relating to Plaintiff discovered after a reasonable search at Bates numbers TM000195-199, TM000210-211, and TM000212-TM000552.

**SUPPLEMENTAL RESPONSE:**  Subject to and without waiving Tech Mahindra's prior objections, Tech Mahindra will produce additional correspondence, if any, discovered by a reasonable search evaluating Plaintiff's performance or that assesses whether to commence or terminate Mr. Burdette's employment or support or execute those decisions.  Tech Mahindra will not be producing additional correspondence that merely references the fact of the commencement or termination of Mr. Burdette's employment but does not discuss, support, or execute the decisions to commence or terminate Mr. Burdette's employment.  With respect to documents executing the decision to commence Mr. Burdette's employment, Tech Mahindra will be producing documents, if any, discovered by a reasonable search extending the offer of employment to Mr. Burdette, Mr. Burdette's acceptance, and related hiring and orientation documents provided to or received from Mr. Burdette.

**INTERROGATORY NO. 7:**  Please identify the person who made the decision to terminate Plaintiff's employment.

**ANSWER:**  The decision that Plaintiff's services were no longer needed on the project to which he was assigned was made by Ravi Yelisetty.  The decision to terminate Mr. Burdette's employment was made by Tech Mahindra's human resources department, consistent with Mr. Burdette's employment agreement.

**SUPPLEMENTAL ANSWER:**  The decision that Plaintiff's services were no longer needed on the project to which he was assigned was based on feedback received from John Fellows and was made by Ravi Yelisetty in coordination with members of Tech Mahindra Limited including Sanjay Singh.  The decision to terminate Mr. Burdette's employment was

DEFENDANT'S OBJECTIONS AND SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 5
No. 2:16-cv-01151-JLR

**SAVITT BRUCE & WILLEY** LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

made by Tech Mahindra's human resources department, consistent with Mr. Burdette's employment agreement.

**REQUEST FOR PRODUCTION NO. 11:**  Please produce any documents or tangible communications related to Mr. Burdette's performance throughout his employment with Defendant.

**RESPONSE:**  Tech Mahindra objects that the term "tangible communications" is vague and ambiguous.  Tech Mahindra further objects that the phrase "related to Mr. Burdette's performance" renders this request overbroad and unduly burdensome, in that it encompasses all documents relating to any act taken by Mr. Burdette during the course of the term of his employment.  Subject to and without waiving the foregoing and its general objections, Tech Mahindra has produced documents relating to reviews of Mr. Burdette's employment performance discovered after a reasonable search.

**SUPPLEMENTAL RESPONSE:**  Subject to and without waiving Tech Mahindra's prior objections, Tech Mahindra will produce additional documents, if any, discovered by a reasonable search constituting an evaluation of Plaintiff's performance.

**REQUEST FOR PRODUCTION NO. 5:**  Please produce any documents or tangible communications related to the evaluation(s) of Plaintiff's performance.

**RESPONSE:**  Tech Mahindra incorporates its objection and response to Request for Production 11 above.

**SUPPLEMENTAL RESPONSE**:  Tech Mahindra incorporates its objection, response, and supplemental response to Request for Production 11 above.

**INTERROGATORY NO. 8:**  Please identify Defendant's employees who currently perform duties that were performed during his employment with the Defendant. Please specify those employees' national origin, race, and ages.

**ANSWER:**  Tech Mahindra objects to the request for information relating to the age of its employees as not relevant to any claim or defense in this action.  Subject to and without

DEFENDANT'S OBJECTIONS AND SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 6
No. 2:16-cv-01151-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

waiving the foregoing and its General Objections, Tech Mahindra states that no current Tech Mahindra employee performs all the duties previously performed by Mr. Burdette.  Some of those duties are performed, in part, by Amarnath Suru, a Tech Mahindra employee.  Tech Mahindra will produce documents sufficient to show demographic information for Mr. Suru subject to an anticipated protective order.

**SUPPLEMENTAL ANSWER:**  Subject to and without waiving Tech Mahindra's prior objections, Tech Mahindra provides the following information:  Mr. Suru is Asian and of Indian origin.

**INTERROGATORY NO. 11:**     Please identify all witnesses you believe have knowledge regarding Plaintiff's employment with Defendant.

**ANSWER:**  Tech Mahindra incorporates its objections and response to Interrogatory No. 3 above.

**SUPPLEMENTAL ANSWER:**  Tech Mahindra incorporates its objections, response, and supplemental response to Interrogatory No. 3 above.

**REQUEST FOR PRODUCTION NO. 15:**  Please produce Defendant's organizational chart.

**RESPONSE:**    After reasonable inquiry, no documents responsive to this request are within Tech Mahindra's possession, custody or control.

**SUPPLEMENTAL RESPONSE**:  Tech Mahindra will produce organizational charts for project Barracuda, discovered by a reasonable search.

DEFENDANT'S OBJECTIONS AND SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 7
No. 2:16-cv-01151-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

DATED:  June 2, 2017.

**SAVITT BRUCE & WILLEY LLP**


By   *s/Sarah Gohmann Bigelow*
          David N. Bruce, WSBA #15237
          Miles A. Yanick, WSBA #26603
          Sarah Gohmann Bigelow, WSBA #43634
          1425 Fourth Avenue Suite 800
          Seattle, Washington  98101-2272
          Telephone: 206.749.0500
          Facsimile:  206.749.0600
          Email:  dbruce@sbwLLP.com
          Email: myanick@sbwLLP.com
          Email: sgohmannbigelow@sbwLLP.com

Attorneys for  Tech Mahindra (Americas), Inc.

DEFENDANT'S OBJECTIONS AND SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 8
No. 2:16-cv-01151-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury under the laws of the State of Washington that on this date, I caused a true and correct copy of the foregoing document to be served on the following via **Email/PDF**:

Mr. George Tamblyn
Mr. Timothy Pauley
Mr. Gregory Skidmore
MERCER ISLAND LAW GROUP, PLLC
2448 76th Avenue SE, Suite 100
Mercer Island, WA 98040
Email:   gtamblyn@mercerlg.com
         tpauley@mercerlg.com
         gskidmore@mercerlg.com

☐ Via E-Filing
☐ Via Legal Messenger
☒ Via Email
☐ Via U.S. Mail
☐ Via Fax

Attorneys for Plaintiff Jay Burdette

DATED this 2nd day of June, 2017 at Seattle, Washington.

*Gabriella Sanders*

Gabriella Sanders

CERTIFICATE OF SERVICE
No. 2:16-cv-01151-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

**Exhibit C**

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JAY BURDETTE, | NO.    2:16-cv-01151-JLR |
| Plaintiff, | **DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION** |
| v. | |
| TECH MAHINDRA (AMERICAS) INC., | |
| Defendant. | |

## I.    OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.    Defendant Tech Mahindra (Americas), Inc. ("Tech Mahindra") objects to the definition of "you", "yours", "your", and "Defendant" as set forth in the "Instructions" and "Definitions" of Plaintiff's Second Set of Interrogatories and Requests for Production ("Requests") as overbroad; Tech Mahindra only answers these Requests on its own behalf.

2.    Tech Mahindra objects to the "Instructions" and "Definitions" to the extent they require Tech Mahindra to produce documents or information not within the possession, custody or control of Tech Mahindra.

3.    Tech Mahindra objects to the "Instructions" and "Definitions" to the extent they seek to impose obligations on Tech Mahindra that are greater than or inconsistent with the obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules, and applicable case law.

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

4.     Tech Mahindra objects to the "Instructions" and "Definitions" to the extent they seek the discovery of information and documents subject to a claim of privilege or otherwise immune from discovery, including without limitation information and documents protected by attorney-client privilege or the work product doctrine.

5.     Tech Mahindra objects to the "Instructions" and "Definitions" to the extent that they are unduly burdensome or impose undue expense on Tech Mahindra.  Tech Mahindra has provided responses that are reasonable in light of the burden and expense of responding to the Requests.

6.     Tech Mahindra objects to the definition of "identify" as set forth in the "Definitions" as vague in that it requests the preparation of "a summary of [a document's] general contents, and anything else necessary, including indexing and reference methods to enable a request for production to be based on the answer."

## II.     OBJECTIONS AND RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 13:**  Please identify all employment-related court and/or federal or state actions or claims you have been involved in as a party in the past 10 years and state the following:

(a) the nature of the action or claim;

(b) court and case number; and

(c) contact information of the attorneys representing <u>each</u> party.

**ANSWER:**  Tech Mahindra objects that this interrogatory seeks information outside the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b) in that the information it seeks is not relevant to any party's claim or defense.  Tech Mahindra further objects that this interrogatory is vague in its reference to all "employment-related court and/or federal or state actions or claims."  Tech Mahindra further objects to this interrogatory as overbroad and unduly burdensome in that it seeks identification of every "employment-related court and/or federal or state actions or claims" in which Tech Mahindra has been a party in the past ten

1  years.  Furthermore, to the extent Plaintiff seeks a compilation of filed court cases in which

2  Tech Mahindra has been named as a defendant, this information is publically available.

3  **INTERROGATORY NO. 14:** Please state with particularity all facts supporting your

4  affirmative defense that Plaintiff failed to mitigate his alleged losses.

5  **ANSWER:**  Discovery is ongoing, and Tech Mahindra has not completed its investigation of

6  the facts relating to this action; nor has it completed discovery in preparation for trial.  In

7  particular, the deadline for Tech Mahindra to disclose an expert to rebut the claims of

8  Plaintiff's expert, Dr. Torelli, which form the basis for Plaintiff's alleged economic losses, has

9  not yet passed.  Tech Mahindra further objects that this interrogatory is vague in its reference to

10  "all facts" and, depending on the intended meaning, overbroad and unduly burdensome.

11  Subject to and without waiving the foregoing, Tech Mahindra responds as follows:

12  Mr. Burdette rejected offers to continue his employment with Tech Mahindra and failed

13  to indicate willingness or take indicated steps to secure another position within the company.

14  After leaving Tech Mahindra, Mr. Burdette submitted applications to a number of companies in

15  August of 2015 but appears to have made no proactive effort to seek employment after that.

16  Mr. Burdette has not produced evidence demonstrating an attempt to obtain full-time

17  replacement income after leaving Tech Mahindra.  Furthermore, Mr. Burdette asserts he

18  suffered "emotional injury" but did not engage in any treatment to mitigate such alleged injury.

19  **REQUEST FOR PRODUCTION NO. 21:** Please produce all documents that relate to your

20  answer to the preceding Interrogatory.

21  **RESPONSE:**  Tech Mahindra objects that discovery is ongoing and Tech Mahindra has not

22  completed its investigation of the facts relating to this action; nor has it completed discovery in

23  preparation for trial.  Tech Mahindra further responds that the deadline for Tech Mahindra to

24  disclose an expert to rebut the claims of Plaintiff's expert, Dr. Torelli, which form the basis for

25  Plaintiff's alleged economic losses, has not yet passed.  Subject to and without waiving the

26  foregoing, Tech Mahindra has produced non-privileged documents relating to opportunities for

27  Plaintiff to continue his employment with Tech Mahindra discovered after a reasonable search.

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 3
No. 2:16-cv-01151-JLR

**SAVITT BRUCE & WILLEY** LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

Other documents relating to Plaintiff's failure to mitigate his alleged losses have been produced by Plaintiff or are in Plaintiff's possession, custody, or control and have not been produced in response to requests for such documents.

**INTERROGATORY NO. 15:**  Please state with particularity all facts or costs of the Barracuda project relied upon by Ravi Yellisetty in making his "business judgment" that terminating Plaintiff's employment would be "effective in terms of both service to the customer and cost" as stated in your EEOC position statement.

**ANSWER:**  Tech Mahindra objects that this interrogatory is vague in its reference to "all facts or costs" and, depending on the intended meaning, overbroad and unduly burdensome.  Tech Mahindra further objects that insofar as it seeks  information about the individual thought process of a former employee, the information is not in Tech Mahindra's possession, custody, or control.  Plaintiff has already deposed Mr. Yellisetty and had an opportunity to obtain this information from Mr. Yellisetty.  Subject to and without waiving the foregoing, Tech Mahindra responds as follows:

During the decision-making process to remove Mr. Burdette from project Barracuda, it was estimated that Tech Mahindra could save approximately $60,000 by eliminating Mr. Burdette's position and re-assigning most of his job duties to an off-shore team.  It was determined that Mr. Burdette's job duties could be performed just as effectively for AT&T by an off-shore team, at lower cost.

**REQUEST FOR PRODUCTION NO. 22:** Please produce all documents related to your answer to the preceding Interrogatory including but not limited to all data that show the costs of the Barracuda project before and after Plaintiff's termination from your employ and the alleged "cost savings."

**RESPONSE:**  Tech Mahindra objects that this request is vague in its reference to "all data" showing "the costs of the Barracuda project before and after Plaintiff's termination" and, depending on the intended meaning, overbroad and unduly burdensome.  Subject to and without waiving the foregoing, Tech Mahindra will produce additional non-privileged

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 4
No. 2:16-cv-01151-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

documents, if any, discovered by a reasonable search that assess whether to terminate Mr. Burdette's employment, including documents estimating the costs to be saved by eliminating Mr. Burdette from the Barracuda project.

**INTERROGATORY NO. 16:**  Please identify every employee of yours put "on the bench" from January 1, 2015 until December 31, 2015 and indicate whether each employee secured comparable employment with you while "on the bench."

**ANSWER:** Tech Mahindra objects that this request is vague in its use of the undefined term "on the bench."  Tech Mahindra also objects that this request is unduly burdensome in that it would require Tech Mahindra to individually research all employees removed from any project in 2015, determine if they secured employment on a new project with Tech Mahindra, and assess whether their new role was "comparable" to their prior role.  Given the requested information's questionable relevance and importance to the issues, and the burden and expense of the proposed discovery, the information requested is not discoverable.  Subject to and without waiving the foregoing, Tech Mahindra is willing to meet and confer regarding the information requested and review whether a subset of or proxy for the information that is less burdensome is reasonably accessible.

**REQUEST FOR PRODUCTION NO. 23:** Please produce all documents related to your answer to the preceding Interrogatory.

**RESPONSE:**  Tech Mahindra incorporates its response to Interrogatory No. 16 above.  Tech Mahindra further objects to this request as vague in its reference to every document "related" to the employees described and, depending on the intended meaning, overbroad and unduly burdensome.  This would include the production of documents that are not relevant to this case such as letters to other employees providing notification of removal from a project.  Based on the foregoing objections, Tech Mahindra is not producing any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 24:** Please produce the entire Tata AIG General Insurance Company Ltd. Policy No. 2302002258 including the applicable declarations page

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 5
No. 2:16-cv-01151-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1  and any other insurance policy you are named in as an insured that provides coverage for

2  employment related claims.

3  **RESPONSE:**   Subject to and without waiving the foregoing, Tech Mahindra will produce the

4  insurance agreements, if any, under which an insurance business may be liable to satisfy all or

5  part of a possible judgment in this action or to indemnify or reimburse for payments made to

6  satisfy the judgment as set forth in FRCP 26(a)(1)(A)(iv).

7  **REQUEST FOR PRODUCTION NO. 25:** Please produce the contracts between you and

8  AT&T for the Barracuda project and all drafts, work orders, or addendums thereto that were in

9  effect during Plaintiff's employment with you.

10  **RESPONSE:**  Tech Mahindra objects that this request seeks documents outside the scope of

11  discovery as set forth in Federal Rule of Civil Procedure 26(b) because, for example, the

12  "contracts between" Tech Mahindra and "AT&T for the Barracuda project" and other requested

13  documents are not relevant to any party's claim or defense.  Based on the foregoing objection,

14  Tech Mahindra is not producing any documents in response to this request.

15  **REQUEST FOR PRODUCTION NO. 26:**  Please produce all correspondence between you

16  and Derrick Keller and/or Jay Collins, contractors at AT&T, from July 1, 2015 through

17  December 31, 2015 related to Plaintiff or the work he performed prior to his termination.

18  **RESPONSE:** Tech Mahindra objects that this request is overbroad and unduly burdensome in

19  that it seeks every piece of correspondence between Tech Mahindra and Keller and Collins

20  "related to Plaintiff" or "the work he performed" from July 1, 2015 through December 31,

21  2015.  Tech Mahindra further objects that this request seeks documents outside the scope of

22  discovery as set forth in Federal Rule of Civil Procedure 26(b) because it seeks documents after

23  Mr. Burdette's termination that are not relevant to any party's claim or defense.  Subject to and

24  without waiving the foregoing, Tech Mahindra will produced additional correspondence, if any,

25  between Tech Mahindra and Keller or Collins discovered by a reasonable search that assess

26  whether to commence or terminate Mr. Burdette's employment or support or execute those

27  decisions, which by definition does not include any correspondence after August 2015.  Tech

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 6
No. 2:16-cv-01151-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

Mahindra will not be producing additional documents that merely reference the fact of the commencement or termination of Mr. Burdette's employment but do not discuss, support, or execute the decisions to commence or terminate Mr. Burdette's employment.  With respect to documents executing the decision to commence Mr. Burdette's employment, Tech Mahindra will be producing documents, if any, discovered by a reasonable search extending the offer of employment to Mr. Burdette, Mr. Burdette's acceptance, and related hiring and orientation documents provided to or received from Mr. Burdette.

**REQUEST FOR PRODUCTION NO. 27:** Please produce all documents submitted to or received from the Office of Federal Contract Compliance Programs (OFCCP) regarding affirmative action or equal employment opportunity compliance or non-compliance by you and any compliance evaluations or investigations conducted by OFCCP or any other documents manifesting the statistical analysis of the race or national origin of your employees during the past 5 years..

**RESPONSE:**  Tech Mahindra objects that this request is overbroad and unduly burdensome in that it seeks documents outside the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b) because, for example, it seeks documents about every other employee at Tech Mahindra and "affirmative action or equal employment opportunity compliance," that are not relevant to or tailored to any party's claim or defense.  Tech Mahindra further objects that this request is vague in its reference to documents "manifesting the statistical analysis" of other employees' race or national origin.  Based on the foregoing objection, Tech Mahindra is not producing any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 24:** Please produce all statements of witnesses whether made under oath or not concerning any of the allegations in the Complaint or any of the averments or defenses in your Answer.

**RESPONSE:**  After reasonable inquiry and search, no documents responsive to this request are within Tech Mahindra's possession, custody or control.

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 7
No. 2:16-cv-01151-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1    **REQUEST FOR PRODUCTION NO. 25:**  Please produce all documents received in

2    response to subpoenas issued to Double Down Holding Company, LLC, Open Road RV, LLC,

3    and Archive Solution Providers, LLC.

4    **RESPONSE:** Tech Mahindra will produce responsive documents.

5            DATED:  June 12, 2017.

6

7                          **SAVITT BRUCE & WILLEY LLP**

8

9                  By   *s/Sarah Gohmann Bigelow*

                     David N. Bruce, WSBA #15237

10               Miles A. Yanick, WSBA #26603

               Sarah Gohmann Bigelow, WSBA #43634

11               1425 Fourth Avenue Suite 800

               Seattle, Washington  98101-2272

12               Telephone: 206.749.0500

               Facsimile:  206.749.0600

13               Email:  dbruce@sbwLLP.com

14              Email:  myanick@sbwLLP.com

               Email:  sgohmannbigelow@sbwLLP.com

15

16            Attorneys for  Tech Mahindra (Americas), Inc.

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 8
No. 2:16-cv-01151-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1

## CERTIFICATE OF SERVICE

2      I hereby declare under penalty of perjury under the laws of the State of Washington that

3 on this date, I caused a true and correct copy of the foregoing document to be served on the

4 following via **Email/PDF**:

5

6 Mr. George Tamblyn
  Mr. Timothy Pauley
7 Mr. Gregory Skidmore
  MERCER ISLAND LAW GROUP, PLLC
8 2448 76th Avenue SE, Suite 100
  Mercer Island, WA 98040
9 Email:   gtamblyn@mercerlg.com
         tpauley@mercerlg.com
10        gskidmore@mercerlg.com

11 Attorneys for Plaintiff Jay Burdette

12

13      DATED this 12th day of June, 2017 at Seattle, Washington.

14

15 *Gabriella Sanders*

   Gabriella Sanders
16

☐ Via E-Filing
☐ Via Legal Messenger
☒ Via Email
☐ Via U.S. Mail
☐ Via Fax

17

18

19

20

21

22

23

24

25

26

27

CERTIFICATE OF SERVICE
No. 2:16-cv-01151-JLR